IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TAMMY KOHR, EUGENE STROMAN, and JANELLE GIBBS, on behalf of themselves and all others similarly situated, and ROBERT COLTON,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>CITY OF HOUSTON,<br><br>　　　　　　　　　　　Defendant. | Civil Action No. 17-cv-1473 |

**MOTION IN LIMINE**

Plaintiffs respectfully submit this motion in limine to exclude irrelevant live testimony at the preliminary injunction hearing on October 31, 2017. Though procedures at a preliminary injunction hearing are considerably less formal than a full-blown evidentiary hearing, a discrete ruling on the scope of testimony at the outset will avoid testimony that wastes the Court's time.

**I.　　BACKGROUND**

The City has indicated that, at Tuesday's preliminary injunction hearing, two of the City's four witnesses will testify about shelter space that may become available in the future. (ECF No. 45 at 1–2.) Specifically, the City proposes that Mr. Eichenbaum "discuss the Mayor's Office for Homeless Initiatives['] plans for increasing even more shelter[] spaces to the Homeless," and that Mayor Turner "testify to the City's ongoing efforts to find more shelters for the homeless." (*Id.*)

1

## II. THE COURT SHOULD EXCLUDE LIVE TESTIMONY ON POTENTIAL FUTURE SHELTER SPACE AS IRRELEVANT.

Plaintiffs do not intend to quibble about the admissibility of each piece of evidence: procedures at the preliminary injunction stage are less formal and permit the consideration of evidence that is otherwise inadmissible. *Sierra Club Lone Star Chapter v. Federal Deposit Insurance Corp.*, 922 F.2d 545, 551 (5th Cir. 1993). And of course, there is no jury that will be prejudiced by hearing inadmissible evidence. *See Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981).

Nonetheless, irrelevant live testimony has a high chance of causing "unjustifiable expense and delay." FED. R. EVID. 102. The Court need not waste time hearing testimony on subjects that will have no bearing on this case. Even if this testimony were relevant—which it is not—the Court be well within its power to exclude the testimony as a waste of time. *Gulf States Utilities Co.*, 624 F.2d at 519.

Additional shelter space that could become available in the future is irrelevant. As this Court has made clear, the question in this case is "whether the Ordinance creates a 'status of homelessness' that, when enforced, criminalizes that status in violation of the Eighth Amendment to the federal Constitution." (ECF No. 39 at 2.) Using that framework, this Court held in accordance with courts across the country that bans like Houston's tent ban are unconstitutional when there are insufficient accessible emergency shelter beds. (*See* ECF No. 32 at 13–17, ECF No. 39.) Even assuming that new shelter space actually opens, and that space will be functionally available to everyone who needs it (*cf.* ECF No. 48-1, Dore Decl. ¶¶ 11, 26–36; ECF No. 48-2, Rankin Decl. ¶¶ 12–24), future availability has no bearing on whether the injunction should remain in place now. Should sufficient beds become functionally available to everyone in the future, the City can move to vacate the injunction. Until that point, however, this

evidence is irrelevant to the question before the Court. *See* FED. R. EVID. 401–402. Accordingly, the Court should limit the testimony from Mr. Eichenbaum and Mayor Turner to the relevant subjects identified in the Joint Scheduling Proposal and bar testimony on potential future availability of beds. (*See* ECF No. 45.)

### III. CONCLUSION

To eliminate unjustifiable delay caused by live testimony that is irrelevant to the issues before the Court, Plaintiffs request that the Court preclude live testimony on potential future shelter space.

Respectfully Submitted,

By:   /s/ Trisha Trigilio
Trisha Trigilio
Attorney-in-charge
State Bar No. 24065179
S.D. Tex. Bar No. 2461809
American Civil Liberties Union
Foundation of Texas
1500 McGowen Street, Suite 250
Houston, Texas 77004
Phone 713.942.8146
Fax 713.942.8966
ttrigilio@aclutx.org

Andre Ivan Segura
S.D. Tex. admission *pro hac vice*
American Civil Liberties Union
Foundation of Texas
1500 McGowen Street, Suite 250
Houston, Texas 77004
Phone 713.942.8146
Fax 713.942.8966
asegura@aclutx.org

Kali Cohn
Texas Bar. No. 24092265
S.D. Texas Bar No. 3053958

American Civil Liberties Union
Foundation of Texas
6440 N. Central Expressway
Dallas, TX 75206
Tel: 214-346-6577
Fax: 713-942-8966

Tristia Bauman
District of Columbia Bar No. 1016342
S.D. Tex. admission *pro hac vice*
National Law Center on Homelessness & Poverty
2000 M Street NW, Suite 210
Washington, DC 20036
(202) 638-2535 x. 102
tbauman@nlchp.org

H. Joseph Escher III
California Bar No. 85551
S.D. Tex. admission *pro hac vice*
Dechert LLP
One Bush Street
Suite 1600
San Francisco, California 94104
Tel.: 415-262-4500
Fax: 415-262-4555

Joseph M. Abraham
Texas Bar No. 24088879
S.D. Tex. Bar No. 2847789
Dechert LLP
300 West 6th Street, Suite 2010
Austin, Texas 78701
Tel.: 512-394-3000
Fax: 512-394-3001

Timothy F. Dewberry
Texas Bar No. 24090074
S.D. Tex. Bar No. 2885846
Dechert LLP
300 West 6th Street, Suite 2010
Austin, Texas 78701
Tel.: 512-394-3000
Fax: 512-394-3001

**Counsel for Plaintiffs**

## Certificate of Service

I hereby certify that on October 28, 2017, I electronically filed this Motion in Limine with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

> By: /s/ Trisha Trigilio
>
> Trisha Trigilio
> Attorney-in-charge
> State Bar No. 24065179
> S.D. Tex. Bar No. 2461809
> ACLU of Texas
> 1500 McGowen Street, Suite 250
> Houston, Texas 77004
> Phone 713.942.8146
> Fax 713.942.8966
> ttrigilio@aclutx.org

## Certificate of Conference

I certify that I emailed counsel for the City of Houston, Connica Lemond and Deidra Sullivan, on October 27, 2017 to confer about this motion. The City is opposed.

> By: /s/ Trisha Trigilio
>
> Trisha Trigilio
> Attorney-in-charge
> State Bar No. 24065179
> S.D. Tex. Bar No. 2461809
> ACLU of Texas
> 1500 McGowen Street, Suite 250
> Houston, Texas 77004
> Phone 713.942.8146
> Fax 713.942.8966
> ttrigilio@aclutx.org

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TAMMY KOHR, EUGENE STROMAN, and JANELLE GIBBS, on behalf of themselves and all others similarly situated, and ROBERT COLTON,<br><br>  Plaintiffs,<br><br>  v.<br><br>CITY OF HOUSTON,<br><br>  Defendant. | Civil Action No. 17-cv-1473 |

**[PROPOSED]**
**ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE**

UPON CONSIDERATION of Plaintiffs' Motion in Limine and for good cause shown, this Court hereby determines that Plaintiffs' motion is GRANTED. The following testimony will be excluded at the October 31, 2017 Preliminary Injunction hearing:

1. Testimony by Marc Eichenbaum concerning the Mayor's Office for Homeless Initiatives' plans for increasing more shelter spaces to the Homeless; and

2. Testimony by Mayor Sylvester Turner concerning the City's ongoing efforts to find more shelter for the homeless.

**It is so ordered** this _____ day of _____, 2017.

_____
HON. KENNETH M. HOYT
U.S. SENIOR DISTRICT JUDGE