**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION**

| | | |
|---|---|---|
| TAMMY KOHR and EUGENE STORMAN, on behalf of themselves and All others similarly situated, and ROBERT COLTON<br>*Plaintiff*, | §§§§§§ | |
| v. | §§ | Civil Action No.: 4:17-cv-01473 |
| CITY OF HOUSTON,<br>*Defendant*. | §§§ | Honorable Judge Kenneth M Hoyt |

## CITY OF HOUSTON'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE

COMES NOW, The City of Houston ("City"), and files its response to the Plaintiffs' Motion in Limine, and if allowed, would show:

### I.   Background

On August 22, 2017, this court entered a Temporary Restraining Order enjoining the City's enforcement of its encampment ordinance (DKT. 32). Since the date of the court's order, the number of encampments have increased throughout the City. The parties have agreed to have this court hear evidence on Preliminary Injunction on this matter on October 31, 2017. (DKT. 45) On October 28, 2017, the plaintiffs filed their Motion in Limine asking that this court enter an order to preclude introduction of evidence of ongoing actions to increase the bed space available to those in the encampments. (Dkt. 49) Plaintiffs' motion wastes this court's time and completely misses the point of the testimony and the reasons for which it is offered.

II.     Argument

A. Plaintiffs' Motion is Unnecessary

As this court is well aware, the purpose of a motion in limine is to preclude an opposing party from offering or even mentioning improper evidence before a jury without first approaching the bench for a ruling on its admissibility. *See* 75 AM. JUR. 2D Trial § 94 (2007). Where there is no jury, to the extent the evidence is prejudicial to the moving party, the judge has already seen it, and any benefit of shielding the evidence from the eyes of the trier of fact is absent. Thus, this motion is both unnecessary and a waste of the court's valuable time. Therefore, it is plaintiffs motion that causes the unjustifiable delay that they ask this court to avoid under FRCP 102. The City asks that this court, therefore, strike Plaintiffs' motion.

B. The Issue of Availability of Beds is Relevant

As this court will hear from the City's witnesses, the number of people in the encampments has grown since the court enjoined the encampment ordinance. Part of Plaintiffs' burden is to show that the harm to them is outweighed by the harm to the City. Evidence of bed space, and the City's efforts to house those in the encampments goes directly to the issue of the "choice" that an individual has to shelter in this City; it goes directly to the "voluntary" element of being homeless in the City of Houston[1]. Voluntariness to go to shelters, when available, goes to the heat of the Plaintiffs' Eighth Amendment Claim. Furthermore, the City's efforts to increase bed space will go directly to showing how the City's encampment ordinance, which guarantees emergency shelter space, is different from the encampment ordinances of other cities. The City should be allowed to

---

[1] The Defendant avers that homelessness is not a status and, therefore, does not deserve protections under the Eighth Amendment. There is a substantial distinction between a "status" and a "condition" and homelessness is not a "status" protected under the Eighth Amendment. *Joyce v. City & County of San Francisco*, 846 F. Supp. 843, 857 (N.D. Cal. 1994)

present the evidence and the court will have the ability to decide what weight to give it in considering a balance of harms to the Plaintiffs versus the City in weighing the Preliminary Injunction in this matter.

### C.  Plaintiffs Should be Barred from Raising This Argument

As the plaintiffs' motion points out, the parties filed a joint stipulation as to the witnesses presented, the subject of the testimony provided, and dates that evidence would be submitted to this court.  The plaintiffs did not object to the substance of the testimony in the joint stipulation; it did not raise any argument that stated that they agree to the witnesses but not to the subject of the testimony.  In fact, even though the joint stipulation was agreed to on October 15, 2017 and filed on October 17, 2017, it wasn't until October 25, 2017 that plaintiffs finally revealed to the City that they objected to the particular evidence that is the subject.

Parties should be able to rely on joint stipulations.  If the Plaintiffs did not wish to agree to the testimony, they could have stated so in the stipulation.  They did not.  Now, they ask that this court be complicit in avoiding the stipulations that they made to the City.  As the plaintiffs have already violated the terms that they agreed to be bound by, namely, filing their evidence after the filing deadline[2], the City asks that this court not reward Plaintiffs for failing to live up their obligations by granting their Motion in Limine

---

[2] United States District Court Southern District of Texas, Administrative Procedures for Electronic Filing in Civil and Criminal Cases, Rule 3.C, as amended, Jul. 18, 2013ttp://www.txs.uscourts.gov/sites/txs/files/admcvcrproc.pdf). Plaintiffs failed to submit their evidence by 11:59 p.m. on the date that the parties agreed to submit evidence.

III.  Conclusion

For the foregoing reasons, the City of Houston asks that this court strike Plaintiffs' Motion in Limine.

Respectfully submitted,

RONALD C. LEWIS
City Attorney

DONALD J. FLEMING
Section Chief, Labor, Employment, & Civil Rights

By: /s/ *Connica Lemond*
Connica Lemond
Attorney-in-Charge
Assistant City Attorney
SBN: 24031937
FBN: 435483
(832) 393-6208 TEL
(832) 393-6259 FAX
connica.lemond@houstontx.gov


/s/ *Deidra Norris Sullivan*
DEIDRA NORRIS SULLIVAN
Senior Assistant City Attorney
State Bar No. 24080648
Fed. Bar No. 1338580
Deidra.Sullivan@houstontx.gov
Tel. (832) 393-6299

City Attorney's Office
Labor, Employment & Civil Rights Section
P.O. Box 368
Houston, Texas 77001-0368
900 Bagby, 3rd Floor
Houston, Texas 77002

**ATTORNEYS FOR DEFENDANT, CITY OF HOUSTON**

Case 4:17-cv-01473   Document 53   Filed in TXSD on 10/30/17   Page 5 of 5

## CERTIFICATE OF SERVICE

On the 30th day of October, 2017, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the respective attorneys.

Trisha Trigilio
Attorney-in-charge
American Civil Liberties Union
Foundation of Texas
1500 McGowen Street, Suite 250
Houston, Texas 77004
trigilio@aclutx.org

Kali Cohn
American Civil Liberties Union
Foundation of Texas
6440 N. Central Expressway
Dallas, Texas 75206

Attorneys for Plaintiffs

/s/ *Connica Lemond*
Connica M. Lemond