IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| **TAMMY KOHR and EUGENE** | § | |
| **STORMAN, on behalf of themselves and** | § | |
| **all others similarly situated, and** | § | |
| **ROBERT COLTON** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:17-cv-01473** |
| | § | |
| **CITY OF HOUSTON,** | § | **Honorable Judge Kenneth M. Hoyt** |
| *Defendant.* | § | |

**DEFENDANT CITY OF HOUSTON'S REPLY IN RESPONSE TO PLAINTIFFS'
<u>OPPOSITION TO DEFENDANT'S SECOND AMENDED MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

TABLE OF CITATIONS ................................................................................................... iii

I.   NATURE AND STAGE OF THE PROCEEDINGS ...................................................1

II.  STATEMENT OF THE ISSUES AND STANDARD OF REVIEW ...........................1

III. SUMMARY OF THE ARGUMENT ..........................................................................1

IV.  ARGUMENT AND AUTHORITIES........................................................................2

    A.    DISMISSAL UNDER RULE12(b)(6) IS APPROPRIATE ...................2

    B.    PLAINTIFFS' CLAIMS FAIL FOR LACK OF STANDING .............3

    C.    AS A MATTER OF LAW, THE CITY'S ENCAMPMENT ORDINANCE DOES NOT VIOLATE THE EIGHTH AMENDMENT ................................................5

    D.    PLAINTIFFS' FIRST AMENDMENT CLAIMS CHALLENGING THE AGGRESSIVE PANHANDLING ORDINANCE ARE BARRED BY THE STATUTE OF LIMITATIONS ......................................7

    E.    PLAINTIFFS' FIRST AMENDMENT CLAIMS CHALLENGING THE IMPEDING THE USE OF THE ROADWAY ORDINANCE AND THE AGGRESSIVE PANHANDLING ORDINANCE CANNOT DEFEAT THE VALID EXERCISE OF MUNICIPAL DISCRETION ........................................................10

    F.    PLAINTIFFS' FOURTH AMENDMENT CLAIMS UNDER THE FOURTEENTH AMENDMENT...................................12

    G.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER THE FOURTEENTH AMENDMENT...................................14

CONCLUSION AND PRAYER FOR RELIEF.......................................................................15

## TABLE OF CITATIONS

Page(s)

**Cases**

*Anderson v. United States HUD*,
　554 F.3d 525 (5th Cir. 2008) ................................................... 2

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)................................................... passim

*Beckerman v. Tupelo*,
　664 F. 2d 502 (5th Cir. 1981) ................................................... 15

*Bell Atlantic v. Twombly*,
　550 U.S. 544 (2007)................................................... 2, 13, 15

*Boswell v. Claiborne Parish Det. Ctr.*,
　629 Fed. App'x 580 (5th Cir. 2015) ................................................... 9

*Brower v. Cty. of Inyo*,
　489 U.S. 593 (1989)................................................... 12, 13

*Burrell v. Newsome*,
　883 F.2d 416 (5th Cir. 1989) ................................................... 8

*Byars v. United States*,
　273 U.S. 28 (1927)................................................... 13

*Center for Individual Freedom v. Carmouche*,
　449 F.3d 655 (5th Cir. 2006) ................................................... 10

*Clapper v. Amnesty Int'l USA*,
　568 U.S. 398 (2013)................................................... 4, 10

*Clark v. Community for Creative Non-Violence*,
　468 U.S. 288 (1984)................................................... 5, 6, 10, 11

*Collins  v. City of Harker Heights*,
　503 U.S. 115 (1992)................................................... 15

*Cortes v. City of Houston*,
　536 F. Supp. 2d 783 (S.D. Tex. 2008) ................................................... 15

*Cox v. Louisiana*,
　379 U.S. 536 (1965)................................................... 10

*Ex parte Tucci*,
　859 S.W.2d 1 (Tex. 1993)................................................... 11

*FLCT, Ltd. v. City of Frisco*,
　493 S.W.3d 238 (Tex. App.—Ft. Worth 2016, pet. denied)................................................... 6

*Frame v. City of Arlington*,
　657 F.3d 215 (5th Cir. 2011) ................................................... 7

*Frisby v. Schultz*,
　487 U.S. 474 (1988)................................................... 10

*FW/PBS, Inc. v. City of Dallas*,
　493 U.S. 215 (1990)................................................... 4

*Garrett v. Commonwealth Mortg. Corp.*,
　938 F.2d 591 (5th Cir. 1991) ................................................... 2

-iii-

*Grayned v. City of Rockford*,
   408 U.S. 104 (1972)......................................................................................................... 15
*Hackbelt 27 Partners, LLC v. City of Coppell*,
   661 Fed. App'x 843 (5th Cir. 2016) ........................................................................... 14
*Haye v. State*,
   634 S.W.2d 313 (Tex. Crim. App. 1982)................................................................... 12
*Heller v. Doe*,
   509 U.S. 312 (1993)....................................................................................................... 14
*Hidden Oaks Ltd. v. City of Austin*,
   138 F.3d 1036 (5th Cir. 1998) ..................................................................................... 14
*Hollis v. Lynch*,
   827 F.3d 436 (5th Cir. 2016) ................................................................................... 3, 12
*Jackson v. Johnson*,
   950 F.2d 263 (5th Cir. 1992) ......................................................................................... 8
*Joel v. City of Orlando*,
   232 F.3d 1353 (11th Cir. 2000) ..................................................................................... 6
*Jones v. City of Los Angeles*,
   444 F.3d 1118 (9th Cir. 2016) ....................................................................................... 6
*King-White v. Humble Indep. Sch. Dist.*,
   803 F.3d 754 (5th Cir. 2015) ......................................................................................... 8
*Kitty Hawk Aircargo, Inc. v. Chao*,
   418 F.3d 453 (5th Cir. 2005) ......................................................................................... 5
*Kjellvander v. Citicorp*,
   156 F.R.D. 138 (S.D. Tex. 1994)................................................................................. 2
*Laird v. Tatum*,
   408 U.S. 1 (1972) ............................................................................................................. 4
*Laughlin v. Olszewski*,
   102 F.3d 190 (5th Cir. 1996) ................................................................................. 12, 13
*Lavellee v. Listi*,
   611 F.2d 1129 (5th Cir.1980) ....................................................................................... 9
*Longoria v. City of Bay City, Texas*,
   779 F.2d 1136 (5th Cir. 1986) ....................................................................................... 8
*Los Angeles v. Lyons*,
   461 U.S. 95 (1983)........................................................................................................... 4
*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)......................................................................................................... 3
*Madsen v. Women's Health Center, Inc.*,
   512 U.S. 753 (1994)....................................................................................................... 11
*Martin v. City of Boise*,
   No. 15-35845, 2018 WL 4201159 (9th Cir. Sept. 4, 2018) ...................................... 6
*McCullen v. Coakley*,
   134 S.Ct. 2518 (2014)................................................................................................... 11
*Medlin v. Palmer*,
   874 F.2d 1085 (5th Cir. 1989) ..................................................................................... 15
*Messer v. Meno*,
   130 F.3d 130 (5th Cir. 1997) ......................................................................................... 9

-iv-

*Moore v. McDonald,*
    30 F.3d 616 (5th Cir. 1994) ................................................................................ 7

*Mr. W. Fireworks, Inc. v. Comal Cty.,*
    No. 03-06-00638-CV, 2010 WL 1253931 (Tex. App.—Austin Mar. 31, 2010, no pet.) ........... 6

*Mugler v. Kansas,*
    123 U.S. 623 (1887) ........................................................................................ 14

*Piotrowski v. City of Houston,*
    51 F.3d 512 (5th Cir. 1995) ............................................................................. 8, 9

*Piotrowski v. City of Houston,*
    237 F.3d 567 (5th Cir. 2001) ........................................................................... 1, 8

*Powell v. Texas,*
    392 U.S. 514 (1968) ........................................................................................ 1, 7

*Presley v. City of Charlottesville,*
    464 F.3d 480 (4th Cir. 2006) ............................................................................ 12

*Ramming v. United States,*
    281 F.3d 158 (5th Cir. 2001) ............................................................................. 2

*Reese v. City of Hunter's Creek Vill.,*
    95 S.W.3d 389 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) .......................... 6

*Schenk v. Pro-Choice Network of Western New York,*
    519 U.S. 357 (1997) ........................................................................................ 11

*Severance v. Patterson,*
    566 F.3d 490 (5th Cir. 2009) ............................................................................ 12

*Simi Inv. Co. v. Harris Cty.,*
    236 F.3d 240 (5th Cir. 2000) ............................................................................ 14

*Snyder v. Phelps,*
    562 U.S. 443 (2011) ........................................................................................ 10

*Soc'y of Separationists, Inc. v. Herman,*
    959 F.2d 1283 (5th Cir.1992) ............................................................................. 4

*Spotts v. United States,*
    613 F.3d 559 (5th Cir. 2010) ............................................................................. 8

*Susan B. Anthony List v. Driehaus,*
    134 S.Ct. 2334 (2014) ...................................................................................... 4

*Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill,*
    561 F.3d 377 (5th Cir. 2009) ......................................................................... 2, 13

*United States v. Jacobsen,*
    466 U.S. 109 (1984) ........................................................................................ 12

*United States v. Petrillo,*
    332 U.S. 1 (1877) ........................................................................................... 15

*Whitmore v. Arkansas,*
    495 U.S. 149 (1990) ......................................................................................... 3

*Zimmerman v. Austin, Texas,*
    881 F.3d 378 (5th Cir. 2018) ...................................................................... 1, 4, 10

**Statutes**

TEX. CIV. PRAC. & REM. CODE §16.003 ........................................................ 8

TEX. CIV. PRAC. & REM. CODE §16.051 ........................................................ 9

TEX. LOC. GOV'T CODE ANN. § 51.003 (West) ........................................... 9

TEX. TRANSP. CODE §§552.002(c) ................................................................ 12

U.S. CONST. AMEND. IV.  A ........................................................................ 12

**Rules**

FED. R. CIV. P. 8(a)(2) .................................................................................... 3

Federal Rule of Civil Procedure 12(b)(6) .................................................. 1, 2, 3, 15

Federal Rule of Evidence 201 ....................................................................... 5

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant the City of Houston (the "City" or "Houston") replies to Plaintiffs Tammy Kohr, Eugene Stohlman, Janelle Gibbs and Robert Colton (collectively, "Plaintiffs")' opposition to Defendant's second amended motion to dismiss the Plaintiffs' claims:

## I.     NATURE AND STAGE OF THE PROCEEDINGS

Houston filed its Second Amended Motion to Dismiss (Dkt. 24) and Plaintiffs filed their Opposition to Defendant's Second Amended Motion to Dismiss (Dkt. 85).  Defendant now files its Reply to Plaintiffs' Opposition to Defendant's Second Amended Motion to Dismiss (Dkt. 86).

## II.     STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

1. Do Plaintiffs have standing to maintain their suit against the City on their Eighth Amendment Claims? *Zimmerman v. Austin, Texas*, 881 F.3d 378, 391 (5th Cir. 2018).

2. Even if Plaintiffs have standing to sue in this action, do Plaintiffs' allegations raise an Eighth Amendment cause of action? *Powell v. Texas*, 392 U.S. 514, 533 (1968).

3. Are Plaintiffs barred from bringing their First Amendment claims due to the statute of limitations? *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

4. Do Plaintiffs' allegations state a claim for which relief can be granted?  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.     SUMMARY OF THE ARGUMENT

The challenged City ordinances regarding encampments, aggressive panhandling and impeding the use of a roadway were passed for the health and safety of Houston's citizens and do not violate the constitutional rights of the Plaintiffs or their proposed class.  The regulation of personal property including heating devices maintained on public land applies equally to all City residents and does not constitute a "status based" prohibition sufficient to articulate an Eighth Amendment claim. Plaintiffs' First Amendment challenge to the City's aggressive panhandling ordinance first enacted in 1992 is barred by the statute of limitations and does not outweigh the

City's responsibility to protect the health and safety of all its residents in the areas in which they are vulnerable, including the roadway.   Plaintiffs' Fourth Amendment challenge to the encampment ordinance fails because the ordinance does not authorize any seizure of property. Plaintiffs' claims that the aggressive panhandling ordinance is void for vagueness under the Fourteenth Amendment cannot succeed because the ordinance provides definitions and examples that survive a due process challenge.  Plaintiffs have articulated no cognizable case or controversy for this Court to resolve based on their First, Fourth, Eighth, or Fourteenth Amendment rights.  For these reasons, the Court should dismiss this case for failure to state a claim upon which relief may be granted.

## IV.    ARGUMENT AND AUTHORITIES

### A.    DISMISSAL UNDER RULE 12(b)(6) IS APPROPRIATE

A motion to dismiss is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A "complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws." *Anderson v. United States HUD*, 554 F.3d 525, 528 (5th Cir. 2008) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007).  "[D]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief."  *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) (citation omitted).

Dismissal under Rule 12(b) (6) is also proper where the plaintiff fails to allege a cognizable legal theory. *Kjellvander v. Citicorp*, 156 F.R.D. 138, 140 (S.D. Tex. 1994) (citing *Garrett v.*

*Commonwealth Mortg. Corp*., 938 F.2d 591, 594 (5th Cir. 1991)).   When reviewing a Rule 12(b)(6) motion, a court must accept factual allegations as true but is not required to accept as true legal conclusions in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hollis v. Lynch*, 827 F.3d 436, 442 (5th Cir. 2016) (traceability and redressability failed because a Texas statute also barred plaintiff's claim).   "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

### B.      PLAINTIFFS' CLAIMS FAIL FOR LACK OF STANDING

Plaintiffs have not met their burden of establishing the three required elements of Article III standing:  (1) an injury in fact, (2) causation, and (3) redressability.   *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).   Not only have Plaintiffs not shown injury in fact, they have not demonstrated an injury that is "'concrete,' 'distinct and palpable,' and 'actual or imminent.'"  *Whitmore v. Arkansas,* 495 U.S. 149, 155 (1990)).   Reviewing a flyer displayed in public does not qualify as a concrete and particularized injury.   *See Lujan*, 504 U.S. at 560-61 (burden is on the plaintiff to show the injury is fairly traceable to the challenged action of the defendant); Dkt. 16 at 12-13.   This Court has recognized what Plaintiffs admit in their First Amended Complaint—that Plaintiffs have not suffered a concrete and particularized injury to have standing to challenge the encampment ordinance.   Dkt. 16 at 4-10; Dkt. 69 at 5.   Tammy Kohr "fears … the police *may* arrest her;" Gene Stroman "intends to keep using his tent … *even if* the City prosecutes him;" Janelle Gibbs "intends to keep using her tent … *even if* the City prosecutes her;" Robert Colton "fears that … the police *may* arrest him."   Dkt. 16 at 4, ¶15; 6, ¶24; 9, ¶35; 9-10, ¶38.   Plaintiffs do not acknowledge the social services options in the ordinance that allow them to avoid arrest and prosecution and do not plead enough facts to show injury.

-3-

Plaintiffs admit in their opposition brief that pre-enforcement judicial review of a criminal ordinance is permitted only in limited circumstances that "render the threatened enforcement **sufficiently imminent**." Dkt. 85 at 6, citing *Susan B. Anthony List v. Driehaus*, 134 S.Ct. 2334, 2342 (2014) (1st Amendment challenge to Ohio law that criminalizes certain false statements made during a political campaign) (emphasis added); Dkt. 85 at 6.  Plaintiffs do not address the opportunities to avoid arrest set forth in the ordinance but rather only speculation and conjecture as to what might happen. Dkt. 16, ¶¶6-38; Dkt. 23-3.  A credible threat of enforcement must be objectively reasonable.  *Laird v. Tatum*, 408 U.S. 1, 13–14 (1972).  The United States Court of Appeals for the Fifth Ciruit has recently confirmed that nothing in *Driehaus* "changes the core requirement that to bring a preenforcement challenge, a plaintiff must 'produce evidence of an intention to engage in a course of conduct arguably affected with a constitutional interest but proscribed by statute' … as well as a 'credible threat of prosecution.'"  *Zimmerman v. Austin, Texas*, 881 F.3d 378, 391 (5th Cir. 2018) (citations omitted).   This Court correctly found that "perceived threats of future criminal prosecution, without more, are an insufficient basis upon which to hold the encampment ordinance violative of the Eighth Amendment."  Dkt. 69 at 5.

Because Plaintiffs cannot show that they have suffered any particularized injury but rather only a fear of arrest or prosecution that has not occurred, Plaintiffs do not have Article III standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citation omitted) ("imminence … cannot be stretched beyond its purpose, which is to ensure that the alleged injury is *certainly* impending."); *Los Angeles v. Lyons*, 461 U.S. 95, 101–102 (1983) (conjectural or hypothetical harm is an insufficient basis upon which to confer standing);  *Soc'y of Separationists, Inc. v. Herman,* 959 F.2d 1283, 1288 (5th Cir.1992) (plaintiff must have concrete and particularized injury at the time the complaint is filed)*;  FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-31 (1990) (alleged

illegality of an ordinance alone does not confer standing).  Plaintiffs' complaint fails to meet the standard for pleading set forth in *Iqbal*. 556 U.S. at 677-678.  Plaintiffs simply do not meet the standing requirement and their claims must be dismissed.

### C.     AS A MATTER OF LAW, THE CITY'S ENCAMPMENT ORDINANCE DOES NOT VIOLATE THE EIGHTH AMENDMENT

Plaintiffs contend that the City's encampment ordinance violates the Eighth Amendment by criminalizing homelessness.  Dkt. 16 at ¶¶ 116-21. Specifically, Plaintiffs allege that:

> [s]heltering oneself is not voluntary conduct.  It is a basic human need, it is harmless, and it is an act integral to the status of homelessness.  By punishing the act of sheltering oneself in public, Houston's camping ban effectively punishes the status of homelessness.

Dkt. 16, ¶¶ 119-20.  Plaintiffs' status-based allegations are belied by the plain language of the ordinance itself.  Dkt. 24-3.[1]  Enforcement gives all individuals a reasonable time to comply with the ordinance and access to emergency medical treatment, social services and shelter before any other action is taken.  *Id*.  Officers are directed to evaluate the situation and where needed, "make reasonable efforts to obtain assistance from the Houston Police Department's Homeless Outreach Team and/or a designated outreach organization."  *Id*.  Such actions can hardly be characterized as "cruel" as the Plaintiffs have repeatedly argued.  Dkt. 85 at 1, 9, 11, 12, 14-17.

The encampments Plaintiffs seek block public spaces and pose a public sanitation, health and safety risk.  *Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 296-97 (1984) (camping ban is a reasonable time, place and manner regulation that withstands constitutional

---

[1] The City requests that the Court take judicial notice under Federal Rule of Evidence 201 of the filings from the City of Houston Municipal Ordiances website relating to the ordinances at issue in this case.  Rule 201 allows the Court judicially to notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 201. The Court must take judicial notice if a party requests it and the court is supplied with the necessary information. *Id*. The United States Court of Appeals for the Fifth Circuit has found that judicial notice under Rule 201 is appropriate for information posted on a government website. *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).

scrutiny).  The City's prohibiting certain actvities such as installing heating devices capable of generating an open flame protects all citizens.  Dkt. 24-3.   Governments have a "substantial interest" in maintaining public spaces for the public to use and enjoy safely and free of health hazards.  *Clark*, 468 U.S. at 296.  Hardly a status-based law, the encampment ordinance regulates the use of an outdoor area owned, managed, or controlled by the City to which all the public has access.  *Id.*

"Property rights are created and defined by state law."  *Reese v. City of Hunter's Creek Vill.*, 95 S.W.3d 389, 391 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (citation omitted).  A property owner generally has no vested right to use its property in a certain way without restriction. *See FLCT, Ltd. v. City of Frisco*, 493 S.W.3d 238, 271 (Tex. App.—Ft. Worth 2016, pet. denied) (distance restriction); *Mr. W. Fireworks, Inc. v. Comal Cty.*, No. 03-06-00638-CV, 2010 WL 1253931, at *8 (Tex. App.—Austin Mar. 31, 2010, no pet.) (mem. op.) (ban on transportation of fireworks).  The City is well within its authority to regulate the use of property to prevent the spread of disease and contain the threat of fire in public places owned, managed or controlled by the City.

Only one court has extended narrow Eighth Amendment protection to the act of sitting, sleeping, or lying outside on public property for homeless individuals who cannot obtain shelter, but notably refused to dictate to the City of Boise that it must provide sufficient shelter for the homeless or "allow anyone who wishes to sit, lie, or sleep on the streets … ***at any time and at any place***."  *Martin v. City of Boise,* No. 15-35845, 2018 WL 4201159, at *13 (9th Cir. Sept. 4, 2018) (quoting *Jones v. City of Los Angeles*, 444 F.3d 1118, 1138 (9th Cir. 2016), *vacated*, 505 F.3d 1006 (9th Cir. 2007); *but see Joel v. City of Orlando*, 232 F.3d 1353, 1362 (11th Cir. 2000) (8th Amendment does not protect overnight camping on public grounds and availability of shelter space

-6-

means Joel had opportunity to comply with ordinance).  Municipalities are not required to refrain from punishing certain conduct because it is arguably "involuntary" or "occasioned by a compulsion." *Powell v. Texas*, 392 U.S. 514, 533 (1968).

Punishment under the encampment ordinance is a last step after the individual has received a written warning along with written information regarding the availability of medical treatment or social services, the officer has attempted to ascertain wheither the person is in need of emergency medical treatment or social services, the officer has evaluated the person's condition and needs and has directed the person to the appropriate provider.  Dkt. 24-3.  The encampment ordinance strives to create safe environments, reduce health hazards and facilitate the provision of social services to unsheltered individuals.  *Id*.  As this Court has recognized, the encampment ordinance is a valid exercise of the City's discretionary police power.  *Powell v. Texas*, 392 U.S. at 533; Dkt. 69.  The City respectfully requests that Plaintiffs' Eighth Amendment challenge to the encampment ordinance be dismissed.

### D.   PLAINTIFFS' FIRST AMENDMENT CLAIMS CHALLENGING THE AGGRESSIVE PANHANDLING ORDINANCE ARE BARRED BY THE STATUTE OF LIMITATIONS

The aggressive panhandling ordinance was enacted in 1992 and amended in 2011.  Dkt. 24-1.  Plaintiffs Kohr and Colton assert that they have been panhandling in Houston for the last five years.  Dkt. 1, ¶¶6, 11-14, 23-25; Dkt. 16, , ¶¶6, 13-15; 36-38.  Plaintiffs Kohr and Colton did not file suit challenging this ordinance until 2017.  Dkt. 1.  The law is well-settled that granting a motion to dismiss is appropriate where "it is clear from the face of a complaint … that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (district court may dismiss a complaint *sua sponte* where the claims are barred by limitations); *see also Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011) (statute of

limitations defense is properly addressed at the 12(b)(6) stage of the proceedings where a plaintiff's "allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations …").

Because there is no specified federal statute of limitations for Section 1983 claims, federal courts utilize the forum state's general personal injury limitations period. *See Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 760 (5th Cir. 2015). "Although Texas law governs the limitations period and the tolling exceptions, federal law governs when a cause of action arises." *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) (citing *Burrell*, 883 F.2d at 418). "Under federal law, a claim accrues and 'the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Spotts v. United States*, 613 F.3d 559, 574 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576) (5th Cir. 2001). Injury is a prerequisite to Plaintiffs' challenge to this ordinance under Section 1983 and the cause of action on a claim accrues when the injured party knows or has reason to know of the injury which forms the basis for the action. *See, e.g., Longoria v. City of Bay City, Texas*, 779 F.2d 1136, 1138 (5th Cir. 1986). Plaintiffs Kohr and Colton had sufficient information to know they had been no later than the date they moved to Houston and began panhandling over six years ago. Dkt. 16, ¶6, 13-15, 36-38; Dkt. 24 at 8; Dkt. 24-1.

The two-year period limitations period in Tex. Civ. Prac. & Rem. Code §16.003 applies to Plaintiffs' right to free speech claims under Section 1983 and the First Amendment to the U.S. Constitution. *Piotrowski v. City of Houston*, 51 F.3d 512, 515 n.5 (5th Cir. 1995). Such two-year limitation period following the date the aggressive panhandling ordinance was amended expired on August 3, 2013. The residual four-year statute of limitations period following such amendment

expired on August 3, 2015.  TEX. CIV. PRAC. & REM. CODE §16.051.  Plaintiffs did not file suit

until May 12, 2017.  Dkt. 1.  Dismissal of Plaintiffs' First Amendment challenge to the aggressive

panhandling ordinance is proper because Plaintiffs Kohr and Colton pleaded in their complaint

facts that they have been panhandling in Houston for the last five years, demonstrating their claims

are time-barred. Dkt. 1, ¶¶6, 11-14, 23-25; Dkt. 16, , ¶¶6, 13-15; 36-38.

While it is clear from the face of Plaintiffs' complaint that their challenge to the aggressive

panhandling ordinance is untimely, Plaintiffs nevertheless assert that this Court should apply the

"continuing violation" doctrine to delay the running of limitations on Plaintiffs' claims.[2]  Dkt. 85

at 17.  The doctrine embodies federal common law governing accrual of claims. *See Boswell v.*

*Claiborne Parish Det. Ctr*., 629 Fed. App'x 580, 583 (5th Cir. 2015). The Fifth Circuit explains:

> The core idea of the continuing violations theory, however, is that equitable
> considerations may very well require that the filing periods not begin to run until
> facts supportive of a [claim] are or should be apparent to a reasonably prudent
> person similarly situated. **The focus is on what event, in fairness and logic,**
> **should have alerted the average lay person to act to protect his rights**.
>
> *Messer v. Meno*, 130 F.3d 130, 134 (5th Cir. 1997) (emphasis added) (citation omitted).

Plaintiffs' complaint is noticeably void of any factual assertions based on fairness and logic

that active panhandlers were not alerted to act to protect their rights.  The statute of limitations ...

begins to run when the plaintiff is in possession of the "critical facts that he has been hurt and who

has inflicted the injury. . ." *Lavellee v. Listi,* 611 F.2d 1129, 1131 (5th Cir.1980). Plaintiffs had

sufficient information to know they had been injured by the aggressive panhandling ordinance

over five years ago.  It should have been "apparent to a reasonably prudent person similarly

situated" that waiting until May 12, 2017 to bring their claims would be too long.  The continuing

violation doctrine does not apply to Plaintiffs' allegations. Dkt. 16, , ¶¶6, 13-15; 36-38.

---

[2] Plaintiffs do not—and cannot—contest that the the Aggravated Panhandling ordinance is presumed to be
constitutional under state law. TEX. LOC. GOV'T CODE ANN. § 51.003 (West).

The 2011 revisions of the aggressive panhandling ordinance that Plaintiffs Kohr and Colton would have experienced in 2012 gave these plaintiffs notice of any alleged "chilling" claims that they seek to address here.  The Fifth Circuit recently held in an analogous case, "to confer standing, allegations of chilled speech or self-censorship must arise from a fear of prosecution that is not 'imaginary or wholly speculative.'" *Zimmerman v. City of Austin, Texas*, 881 F.3d 378, 390 (5th Cir. 2018) (quoting *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 660 (5th Cir. 2006)); *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013) ("[R]espondents cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending").  Plaintiffs Kohr and Colton did not challenge the aggressive panhandling ordinance timely and are therefore barred from bringing those claims now. The City respectfully requests that Plaintiffs' First Amendment challenges to the aggressive pandhandling ordinance be dismissed.

### E.  PLAINTIFFS' FIRST AMENDMENT CLAIMS CHALLENGING THE IMPEDING THE USE OF THE ROADWAY ORDINANCE AND THE AGGRESSIVE PANHANDLING ORDINANCE CANNOT DEFEAT THE VALID EXERCISE OF MUNICIPAL DISCRETION

The City has the right to regulate the use of city streets and other facilities to assure the public's safety and convenience. *Cox v. Louisiana*, 379 U.S. 536, 554 (1965).  The impeding the use of a roadway ordinance does not interfere with Plaintiffs' First Amendment rights, but rather protects citizens from the dangers of being in the roadway.  Dkt. 24-2.  The aggressive panhandling ordinance regulates the use of public places and transit facilities.  Dkt. 24-1.  "'Even protected speech is not equally permissible in all places and at all times.' " *Snyder v. Phelps*, 562 U.S. 443, 445 (2011) (quoting *Frisby v. Schultz*, 487 U.S. 474, 479 (1988)).  Protected speech is "subject to reasonable time, place, or manner restrictions." *Clark*, 468 U.S. at 293.  Time, place, and manner

-10-

restrictions on both speech and free exercise have routinely been upheld.  As the Texas Supreme

Court explained:

> While some restriction of time, place and manner may be so spatially extensive as
> to constitute a prohibition against a speaker or his or her message, not every
> limitation rises to this level …. [L]imited restriction[s] would enable the speakers
> to deliver their message to whom they want, but in a manner that accords some
> weight to the rights of others. Striking such a balance between competing interests
> is at the heart of free exercise jurisprudence, both under the federal and Texas
> guarantees …. As Professor Cox has observed: 'Freedom of expression, despite its
> primacy, can never be absolute.... Some balancing is inescapable. The ultimate
> question is always, where has—and should—the balance be struck?' ARCHIBALD
> COX, FREEDOM OF EXPRESSION 4 (1980).

*Ex parte Tucci*, 859 S.W.2d 1, 27 (Tex. 1993) (internal citations omitted).

"Although it is common to place the burden upon the Government to justify impingements

on First Amendment interests, it is the obligation of the person desiring to engage in assertedly

expressive conduct to demonstrate that the First Amendment even applies."  *Clark*, 468 U.S. at

293 n.5.  The First Amendment, while powerful, simply cannot protect a pedestrian from the

inherent dangers of stepping in front of oncoming vehicular traffic.  Condoning speech that

requires ordinary citizens to be in close proximity to motor vehicles does not achieve the City's

health and safety interests.  *McCullen v. Coakley*, 134 S.Ct. 2518, 2530 (2014) (regulation that

serves purposes unrelated to the content of expression  is deemed neutral) (citation omitted).

In assessing  a First Amendment challenge, courts look not only at private claims asserted

in the complaint, but also into governmental interests including public safety and order.  *Schenk v.*

*Pro-Choice Network of Western New York*, 519 U.S. 357, 376 (1997); *Madsen v. Women's Health*

*Center, Inc*., 512 U.S. 753, 767-78 (1994) ("The State also has a strong interest in ensuring the

public safety and order, in promoting the free flow of traffic on public streets and sidewalks, and

in protecting the property rights of all its citizens.").  Fixed buffer zones of thirty-six (36) feet from

driveways entrances have been upheld as reasonable distance restrictions.  *Id*. at 776.

-11-

The City has a public interest in protecting pedestrians from encounters with moving vehicles on the roadway.  Dkt. 24-2.  The City has a public interest in regulating activities in public parks and at public transportation stops.  Dkt. 24-1.  Courts have held that laws governing roadway obstructions do not violate the First Amendment.  *See Haye v. State,* 634 S.W.2d 313, 315 (Tex. Crim. App. 1982). The impeding the roadway and aggressive panhandling ordinances are reasonably related to the City's legitimate interest in protecting the health and safety of all pedestrians in public places and are aligned with  the State of Texas's public safety goals regarding the safety of pedestrians in traffic.  *See* TEX. TRANSP. CODE §§552.002(c); 552.005(b); 552.006(a); 552.0071(a).  Plaintiffs Kohr and Colton have not brought a cognizable challenge these ordinances and have failed to state facts sufficient to state a claim upon which relief can be granted.  *Hollis*, 827 F.3d at 442; Dkt. 16, ¶¶13-15; 37-38. Plaintiffs' challenge to the impeding the use of the roadway and aggressive panhandling ordinances should be dismissed.

## F.    PLAINTIFFS' FOURTH AMENDMENT CLAIMS FAIL

The Plaintiffs have not pleaded facts establishing the elements of a Fourth Amendment claim, *i.e.* "(a) a meaningful interference with [their] possessory interests in [their] property, which is (b) unreasonable because the interference is unjustified by state law or, if justified, then uncompensated." *Severance v. Patterson*, 566 F.3d 490, 502 (5th Cir. 2009) (citing *Presley v. City of Charlottesville*, 464 F.3d 480, 487-88 (4th Cir. 2006)); U.S. CONST. AMEND. IV.  A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).  Seizure in the Fourth Amendment context requires an "intentional acquisition of physical control" and a "willful" decision directed to the seizure of specific property. *Brower v. Cty. of Inyo*, 489 U.S. 593, 595-96 (1989); *Laughlin v. Olszewski*, 102 F.3d 190, 193 (5th Cir. 1996).

-12-

Plaintiffs allege no facts showing the City has interfered with Plaintiffs' possessory interests nor that any alleged interference, in this case *a complete lack of* alleged interference, is unjustified by state law.  Dkt. 16 at at ¶¶47; 53; 135-40.  Plaintiffs' complaint attempts to gloss over their pleading requirements and fails to identify how the encampment ordinance itself interferes with Plaintiffs' Fourth Amendment property right protections.  *Id*.  The encampment ordinance prohibits certain items from being on public lands, such as heating devices capable of generating or contain an open flame that can cause a safety hazard.  *Id*.  The encampment ordinance does not authorize an officer to seize any property while enforcing the ordinance.  Dkt. 24-3.

Plaintiffs' claim that "it is unreasonable to directly seize private property belonging to unsheltered homeless people … solely because it cannot fit into a three-foot cube" is a misguided attempt to create the inference of a Fourth Amendment violation.  Dkt. 16, ¶¶106, 138.  A plain reading of the encampment ordinance clears up Plaintiffs' misperception.  Dkt. 24-3. Dismissal of this claim is proper because the complaint lacks an allegation regarding a required element necessary to obtain relief.  *Torch,* 561 F. 3d at 384; Dkt. 16 at ¶47; 53; 135-40.

Plaintiffs have pleaded only conclusory, speculative harm under the Fourth Amendment. The Fourth Amendment "[a]ddresses 'misuse of power,' not the accidental effects of otherwise lawful government conduct." *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989) (quoting *Byars v. United States*, 273 U.S. 28, 33 (1927)).  Plaintiffs' conclusory allegations and speculation outside the language of the ordinance are not sufficient to defeat a motion to dismiss under Rule 12(b)(6). *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The City respectfully requests that the Plaintiff's Fourth Amendment allegations be dismissed.

-13-

### G.   PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER THE FOURTEENTH AMENDMENT

"'[G]overnment action comports with substantive due process if the action is rationally related to a legitimate government interest.'" *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1044 (5th Cir. 1998) (quotation omitted). "A statute is presumed constitutional and the burden is on the one attacking the legislative arrangement to negate every conceivable basis which might support it, whether or not the basis has a foundation in the record." *Heller v. Doe*, 509 U.S. 312, 320-21 (1993) (internal citations omitted).  The existence of a rational relationship to a legitimate government interest is a question of law. *Hidden Oaks*, 138 F.3d at 1044.

In reviewing Plaintiffs' challenge to the City's aggressive panhandling ordinance, this Court must ask "'only whether a rational relationship exists between the [limitations] and a conceivable legitimate objective. If the question is at least debatable, there is no substantive due process violation.'" *Hackbelt 27 Partners, LLC v. City of Coppell*, 661 Fed. App'x 843, 846 (5th Cir. 2016) (quoting *Simi Inv. Co. v. Harris Cty.*, 236 F.3d 240, 251 (5th Cir. 2000)). Since the Fourteenth Amendment to the federal Constitution was adopted, federal courts cannot rightfully interfere with the valid exercise of the police power to prescribe regulations to promote the health, peace, morals, education, and good order of the people. *Mugler v. Kan*sas, 123 U.S. 623, 663 (1887).  If the City's actions were rationally related to protection of the lives, health, safety, and property of its citizens, Plaintiffs have no actionable claim. *Hidden Oaks Ltd.*, 138 F.3d at 1044.

In making their "void for vagueness" argument, Plaintiffs Kohr and Colton have failed adequately to plead any actual violation of a constitutionally-protected right. These plaintiffs allege the aggressive panhandling ordinance places "nearly unfettered discretion in the hands of a police officer."  Dkt. 16, ¶¶ 131-32.  These plaintiffs do not explain how vagueness constitutes deprivation of their life, liberty or property without due process of law.  Dkt. 16, ¶¶ 133-34.

-14-

"In determining whether a statute is unconstitutionally vague, courts look, *inter alia,* to whether the statute 'provide[s] definite standards for those who apply them.'" *Cortes v. City of Houston*, 536 F. Supp. 2d 783, 795-96 (S.D. Tex. 2008) (citing *Beckerman v. Tupelo,* 664 F. 2d 502, 511 (5th Cir. 1981)).  Courts have recognized that "so long as we are '[c]ondemned to the use of words, we can never expect mathematical certainty from our language.'" *Medlin v. Palmer,* 874 F.2d 1085, 1091 (5th Cir. 1989) (quoting *Grayned v. City of Rockford,* 408 U.S. 104, 110 (1972)).  As such, "[t]he Constitution does not require impossible standards" and all that is required is that the language "conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *United States v. Petrillo,* 332 U.S. 1, 7-8 (1877).  The doctrine of judicial restraint requires courts to exercise the utmost care whenever they are asked to expand the substantive due process field. *See, e.g., Collins  v. City of Harker Heights*, 503 U.S. 115, 127 (1992). Plaintiffs Kohr and Colton's Fourteenth Amendment claims that the aggressive panhandling ordinance is void for vagueness should be dismissed.

## CONCLUSION AND PRAYER FOR RELIEF

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of an action is appropriate whenever the pleading, on its face, fails to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 555, and *Iqbal*, 556 U.S. at 677-78. For the reasons stated above, the City of Houston respectfully requests that Plaintiffs' claims be dismissed pursuant to Rule 12(b)(6), or alternatively, that the Court grant the City summary judgment dismissing all of Plaintiffs' claims.

Respectfully submitted,

**RONALD C. LEWIS**
City Attorney
**JUDITH L. RAMSEY**
Chief, General Litigation Section


By:        <u>   /s/ M. Lucille Anderson    </u>
                 M. Lucille Anderson
                 Attorney-in-charge

                 Sr. Assistant City Attorney II
                 Federal ID No. 19377
                 Texas State Bar No. 00793260
                 City of Houston Legal Department
                 P.O. Box 368
                 Houston, Texas 77001-0368
                 832.393.6485
                 832.393.6259 Fax
                 Mlucille.anderson@houstontx.gov

              **ATTORNEYS FOR CITY OF HOUSTON**

## CERTIFICATE OF SERVICE

On the 10th day of September, 2018, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the respective attorneys.

Trisha Trigilio
Attorney-in-charge
American Civil Liberties Union
Foundation of Texas
5225 Katy Freeway, Suite 350
Houston, Texas 77007
ttrigilio@aclutx.org

Kali Cohn
American Civil Liberties Union
Foundation of Texas
6440 N. Central Expressway
Dallas, Texas 75206

Tristia Bauman
National Law Center on Homelessness & Poverty
2000 M Street NW, Suite 210
Washington, DC 20036
tbauman@nlchp.org

Joseph M. Abraham
Dechert LLP
300 West 6th Street, Suite 2010
Austin, Texas 78701

Timothy F. Dewberry
Dechert LLP
300 West 6th Street, Suite 2010
Austin, Texas 78701

H. Joseph Escher III
Dechert LLP
One Bush Street
Suite 1600
San Francisco, California 94104

**Attorneys for Plaintiffs**

/s/ *M. Lucille Anderson*
M. Lucille Anderson

-17-