## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

TAMMY KOHR, EUGENE STROMAN, and
JANELLE GIBBS, on behalf of themselves and all
others similarly situated, and ROBERT COLTON,

*Plaintiffs,*

vs.                                        C.A. No. 4:17-cv-01473

CITY OF HOUSTON,

*Defendant.*

## UNOPPOSED MOTION TO WITHDRAW BY PLAINTIFFS' COUNSEL

## NATURE AND STAGE OF PROCEEDING

This action seeks classwide injunctive relief against a series of Houston ordinances that effectively criminalize homelessness. The parties are in the midst of discovery. The City's motion to dismiss is pending. No class has been certified.

## ISSUES TO BE RULED UPON

Plaintiffs' counsel of record seek to leave of court to withdraw from representing Plaintiffs. "[A] lawyer shall not withdraw from representing a client unless: . . . the representation . . . has been rendered unreasonably difficult by the client," or "other good cause for withdrawal exists." Tex. D.R. 1.15(b). The matter of attorney withdrawal is "entrusted to the sound discretion of the court." *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019). "[W]ithdrawal of counsel-in-charge may be effected by motion and order, under conditions imposed by the Court." Local Rule 83.2.

Given the upcoming July 31 deadline to file dispositive motions and the unopposed nature of this motion, Plaintiffs' counsel respectfully request that the Court consider this motion "as soon as practicable." Local Rule 7.2.

## ARGUMENT

### I.    Statement of Facts

Plaintiffs' counsel reveal the following information in order to establish good cause for withdrawal under Rule 1.15 of the Texas Disciplinary Rules of Professional Conduct. To the extent this information is "confidential information" or "unprivileged client information" under Rule 1.05, this disclosure is permitted under Rules 1.05(c)(4) and 1.05(d)(1), respectively.[1]

---

[1] If the Court requires further information, Plaintiffs' counsel request an *ex parte* conference, consistent with this Court's practice in *Haigh v. Citibank, N.A.*, No. 4:15-cv-00362, ECF No. 21 (S.D. Tex. Aug. 6, 2015) (Hoyt, J.).

Plaintiffs are indigent residents of Houston who are or were (as of filing the complaint in this action) homeless. *See* ECF No. 16 ¶¶ 7-10, 16-18, 25-27, 36-37. As of June 20, 2019, Plaintiffs' counsel assessed that they could not satisfy the City's discovery requests relating to Plaintiffs Stroman, Colton, and Gibbs due to their absence of communication with counsel, despite counsel's repeated efforts to contact them, and notice that their failure to respond would result in counsel's withdrawal from representation. Thus, on June 20, Plaintiffs' counsel informed the City of their intent to withdraw from representation of those clients, leaving Tammy Kohr as the sole represented Plaintiff. Ex. A.

Plaintiffs' counsel served written discovery responses on behalf of Ms. Kohr on June 18, 2019, and scheduled her deposition for June 25. Exs. B, A. However, since June 21, Ms. Kohr has failed to respond to further communications with counsel. Plaintiffs' counsel engaged in over two weeks of diligent yet unsuccessful outreach to Ms. Kohr, including repeated notice that her failure to respond would result in counsel's withdrawal from representation. On July 8, Plaintiffs' counsel informed the City of Houston of their intent to withdraw from representation of Ms. Kohr. Ex. C.

## II.    Argument

The matter of attorney withdrawal is "entrusted to the sound discretion of the court." *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019). An attorney may withdraw from representation upon leave of the court and a showing of good cause and reasonable notice to the client. *Id.* (citing *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)).

Despite counsel's repeated attempts to communicate, Plaintiffs have failed to respond, and Plaintiffs' counsel are unable to fulfill the City's discovery requests. Withdrawal is appropriate because Plaintiffs have rendered counsel's representation unreasonably difficult, despite reasonable

notice to the clients that failure to communicate would result in counsel's withdrawal. *See* Tex. D.R. 1.15(b)(6). Plaintiffs' failure to communicate is also good cause to excuse this Court's requirement that the attorney-in-charge must designate substitute counsel upon withdrawal. Hoyt, J., Procedures at 5. Plaintiffs have not advised counsel of their intention to retain new counsel, or their intention to proceed *pro se*.

Permitting withdrawal under these circumstances would be consistent with this Court's ruling in *Haigh v. Citibank, N.A.*, No. 4:15-cv-00362 (S.D. Tex.) (Hoyt, J.). In *Haigh*, this Court permitted plaintiffs' counsel to withdraw without designation of a substitute attorney, in light of the clients' failure to communicate and cooperate. *Id.*, ECF No. 16 (S.D. Tex. July 17, 2015) (motion for withdrawal); *id.*, ECF No. 22 (S.D. Tex. Aug. 17, 2015) (granting motion for withdrawal); *accord Statue of Liberty—Ellis Island Found., Inc. v. Int'l United Indus., Inc.*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986) (seeing "no purpose in requiring the law firm's continued appearance" where the client "failed to answer its telephone calls and letters regarding the conduct of the litigation in general and the scheduling of depositions in particular"); *cf.* LR 83.2 ("Although no delay will be countenanced because of a change in counsel, withdrawal of counsel-in-charge may be effected by motion and order, under conditions imposed by the Court.").

Plaintiffs' counsel have delivered a copy of this motion to Plaintiffs by email and certified regular mail to Plaintiffs' last known addresses. Plaintiffs' counsel propose an order permitting their withdrawal on condition that (1) Plaintiffs' counsel will provide the Clerk of Court and all counsel with Plaintiffs' last known addresses for service of all unsealed pleadings, notices, orders, and other documents filed onto the record of this case, and (2) if Plaintiffs designate substitute counsel, Plaintiffs' counsel will provide new counsel with all files.[2] In the

---

[2] As stated above, the undersigned counsel is unaware of any intention by Plaintiffs to retain new counsel or to proceed *pro se*.

alternative, should the Court require more information about counsel's attempts to contact Plaintiffs, counsel requests an *ex parte* telephone conference consistent with this Court's practice in *Haigh*. *See Haigh v. Citibank, N.A.*, No. 4:15-cv-00362, ECF No. 21 (S.D. Tex. Aug. 6, 2015).

**III.    Conclusion**

For these reasons, this Court should grant Plaintiffs' counsel's motion to withdraw.

As noted above, given the upcoming July 31 deadline to file dispositive motions and the unopposed nature of this motion, Plaintiffs' counsel respectfully request that the Court consider this motion "as soon as practicable." Local Rule 7.2.

Dated: July 11, 2019

Respectfully Submitted,

By: */s/ Trisha Trigilio*
     *(with permission by Joseph M. Abraham)*
Trisha Trigilio
Attorney-in-charge
State Bar No. 24065179
S.D. Tex. Bar No. 2461809
Andre Segura
State Bar No. 24107112
S.D. Tex. Bar No. 3123385
American Civil Liberties Union
Foundation of Texas
5225 Katy Freeway
Suite 350
Houston, Texas 77007
Phone 713.942.8146
Fax 713.942.8966
ttrigilio@aclutx.org
asegura@aclutx.org

4

Tristia Bauman
District of Columbia Bar No. 1016342
Admitted to S.D. Tex. *pro hac vice*
National Law Center on Homelessness & Poverty
2000 M Street NW, Suite 210
Washington, DC 20036
(202) 638-2535 x. 102
tbauman@nlchp.org

Angela M. Liu
Illinois Bar No. 6299353
Admitted to S.D. Tex. *pro hac vice*
Dechert LLP
35 West Wacker Drive
Suite 3400
Chicago, Illinois 60601
Tel.: 312-646-5800
Fax: 312-646-5801

Joseph M. Abraham
Texas Bar No. 24088879
S.D. Tex. Bar No. 2847789
Timothy F. Dewberry
Texas Bar No. 24090074
S.D. Tex. Bar No. 2885846
Jacob R. Porter
Texas Bar No. 24107900
S.D. Tex. Bar No. 3421405
Dechert LLP
300 West 6th Street, Suite 2010
Austin, Texas 78701
Tel.: 512-394-3000
Fax: 512-394-3001

*Attorneys for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel of record who have consented to electronic service as this district requires in accordance with Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this 11th day of July, 2019.

*/s/ Joseph M. Abraham*
Joseph M. Abraham